IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAIME M. MUNOZ,                          No. CIV.S-04-1475 DAD

    Plaintiff,

 v.                                      <u>ORDER</u>

JO ANNE B. BARNHART,
Commissioner of Social
Security,

    Defendant.
_____/

    This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and/or remand and defendant's cross-motion for summary judgment. For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

**PROCEDURAL BACKGROUND**

    Plaintiff Jaime Macaraig Munoz applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"). (Transcript ("Tr.") at 39-48.) The Commissioner denied

1

plaintiff's application initially and on reconsideration. (Tr. at 25-28, 31-34.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on January 13, 2004, at which time plaintiff was represented by a non-attorney representative. (Tr. at 285-311.) In a decision issued on February 27, 2004, the ALJ determined that plaintiff was not disabled. (Tr. at 11-18.) The ALJ entered the following findings:

> 1. Claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 2. Claimant's radiating back pain post lumbar fusion is a "severe" impairment based upon the requirements in the Regulations (20 CFR § 416.920).
>
> 3. This medically determinable impairment does not meet or medically equal any of the listed impairments in Appendix 1, Subpart P, Regulation Number 4.
>
> 4. Claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 5. Claimant retains the residual functional capacity to perform a range of light work. Specifically, Claimant is able to occasionally lift and carry 20 pounds. He is precluded from prolonged sitting and standing, but he can tolerate sitting and standing for thirty-minute intervals. Claimant is limited to occasional bending and stooping and no repetitive pushing and pulling.
>
> 6. Claimant's past relevant work as a cashier did not require the performance of work-related activities precluded by his residual functional capacity (20 CFR § 416.965).

2

      7.    Claimant's medically determinable radiating back pain post lumbar fusion does not prevent Claimant from performing his past relevant work as a cashier.

      8.    Claimant was not under a "disability" as defined in the Social Security Act at any time through the date of the decision (20 CFR § 416.920(e)).

(Tr. at 17-18.) The Appeals Council declined review of the ALJ's decision on June 10, 2004. (Tr. at 5-8.) Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on July 22, 2004.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995. The

3

court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920.  See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is conclusively presumed disabled.  If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff advances two main arguments in his motion for summary judgment. First, plaintiff generally asserts that the ALJ's residual functional capacity assessment is not supported by substantial evidence. Second, plaintiff argues that the ALJ erred in discounting the testimony of plaintiff regarding the severity of his symptoms and the resulting limitations those symptoms place upon him. The court addresses these main arguments, as well as plaintiff's other contentions, below.

Beginning with plaintiff's first main argument, a claimant's residual functional capacity is what he can still do despite his limitations and is an assessment based upon all of the relevant evidence. 20 C.F.R. §§ 404.1545(a), 416.945(a); see also Mayes v. Massanari, 276 F.3d 453, 461 (9th Cir. 2001). It is the duty of the ALJ to determine a claimant's residual functional capacity from the medical record. 20 C.F.R. §§ 404.1546(c), 416.946(c); see also Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001).

Here, the assessment of the consultative examiner upon whom the ALJ relied, along with the assessments of the physician who

examined plaintiff for workers' compensation purposes and the non-examining state agency physician, constitute substantial evidence in support of the ALJ's residual functional capacity determination.  The ALJ considered all of the evidence and found plaintiff to have the residual functional capacity to perform light work that allows him to occasionally lift up to twenty pounds; sit and stand for thirty-minute intervals; engage in occasional bending and stooping; and avoid repetitive pushing and pulling.  (Tr. at 17, 18.)  The February 23, 2003, opinion of James L. Martin, M.D., a consulting internal medicine specialist (Tr. at 167-69); the March 23, 2003, opinion of nonexamining state agency physician, C. Eskander, M.D., (Tr. at 172-79); and the October 18, 2003, Agreed Medical Evaluation by orthopedist Richard G. Baker, M.D. (Tr. at 250-57) are consistent with the assessment that plaintiff is able to perform the range of light work identified by the ALJ.  Accordingly, the ALJ's residual functional capacity assessment is supported by substantial evidence.

       The court is not persuaded by plaintiff's more specific contention that the ALJ failed to discuss certain medical records and the clinical findings reflected therein.  An ALJ is not required to expressly mention each and every medical document within the administrative record.  See Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984)("The Secretary, however, need not discuss *all* evidence presented to her.  Rather, she must explain why "significant probative evidence has been rejected.").

       Further, while plaintiff discusses certain medical records and findings in his motion in considerable detail, it must be noted

that the court's scope of review of decisions granting or denying Social Security disability is more limited than suggested by plaintiff in his argument.  Hall v. Sec'y of Health, Educ. & Welfare, 602 F.2d 1372, 1374 (9th Cir. 1979) ("Congress has mandated a very limited scope of judicial review of the Secretary's decisions granting or denying Social Security disability benefits.")  It is not the court's role to re-weigh the evidence or substitute its own judgment for the Commissioner's.  Winans v. Bowen, 853 F.2d 643, 644-45 (9th Cir. 1987).

     Moreover, if there is conflicting evidence supporting a finding of either disability or nondisability, the ALJ may resolve the conflict between experts so long as there is "more than one rational interpretation of the evidence." Sprague, 812 F.2d at 1229-30.  Here, the evidence suggesting that plaintiff may continue to suffer from degenerative disc disease even following surgery arguably provides some evidence of disability.  In this regard, plaintiff compares the results of a discogram study and MRI of the lumbar spine taken many months before plaintiff's spine surgery with the operative report, arguing that the surgery did not correct all of his lumbar spine abnormalities.  (Tr. 146-47, 183, 226.)  According to plaintiff, the fact of his disability is best reflected by the Team Conference Note prepared by his treating physician indicating that plaintiff continues to report that he suffers from considerable pain that limits him to lifting very light weights and making slow

/////

/////

progress on the treadmill at physical therapy.[1]  (Tr. at 245.)  On the other hand, the opinions of the examining physicians listed above provide evidence of nondisability, as does the opinion of the nonexamining state agency physician.  (Tr. at 167-69, 172-79, 250-57.)  While the ALJ admittedly did not go into considerable detail in assessing this conflict, he sufficiently discussed all of the evidence and set forth his interpretation of that evidence in his decision.  The court finds the ALJ's interpretation of the evidence to be a rational one.  See Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992)("The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ.").  Thus, in finding plaintiff capable of performing work the ALJ properly discharged his responsibilities of determining credibility and resolving any conflicts or ambiguities in the medical testimony.  See Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).  For this reason as well, the court is unpersuaded
/////

---

[1] Appropriately, counsel for plaintiff does not argue that the ALJ failed to articulate "specific and legitimate reasons" in rejecting the opinion of plaintiff's treating physician, Robert Egert, M.D.  See Lester, 81 F.3d at 830 ("Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing.").  This is because there was no opinion to reject.  Following plaintiff's surgery, Dr. Egert did not render any opinion with respect to plaintiff's functional capacity, although he did indicate that plaintiff was "permanent and stationary" for workers' compensation purposes and that plaintiff should begin vocational rehabilitation.  (See Tr. at 241-49.)

by plaintiff's challenge of the ALJ's residual functional capacity determination.

The court also is not persuaded by plaintiff's particular argument that the ALJ should have re-contacted Dr. Egert, plaintiff's treating physician, so that he may have had an opportunity to render a specific opinion as to plaintiff's residual functional capacity. Under the regulations, an ALJ should seek additional evidence or clarification from a claimant's treating physician when a report from that physician "contains a conflict or ambiguity that must be resolved, ... does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1). See also Mayes, 276 F.3d at 459-60 ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.") Here, however, the ALJ did not find any conflict, ambiguity or inadequacy within Dr. Egert's records. Rather, the ALJ simply considered those medical records along with the rest of the evidence in assessing plaintiff's residual functional capacity. In this way, the ALJ acted in accordance with his responsibility to determine the credibility of medical evidence and linked his residual functional capacity determination to substantial evidence. There was no need to re-contact plaintiff's treating physician under the circumstances.

Turning to plaintiff's other main argument, it is well-established that the determination of credibility is a function of

the ALJ, acting on behalf of the Commissioner. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). An ALJ's assessment of credibility should, in general, be given great weight. Nyman v. Heckler, 779 F.2d 528, 530-31 (9th Cir. 1985). Thus, questions of credibility and resolution of conflicts in the testimony are functions solely of the Commissioner. Morgan, 169 F.3d at 599. In evaluating a claimant's subjective testimony regarding pain and the severity of his or her symptoms an ALJ may consider the presence or absence of supporting objective medical evidence along with other factors. See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996). Ordinary techniques of credibility evaluation may be employed, and the adjudicator may take into account prior inconsistent statements or a lack of candor by the witness. See Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989).

Nonetheless, an ALJ's rejection of a claimant's testimony must be supported by specific findings. Morgan, 169 F.3d at 599; Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir. 1993)(citing Miller, 770 F.2d at 848). Once a claimant has presented evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of his or her symptoms merely because the testimony is unsupported by objective medical evidence. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Light v. Chater, 119 F.3d 789, 792 (9th Cir. 1997). Rather, "the ALJ can reject the claimant's testimony about the severity of [his or] her symptoms only by offering specific, clear and convincing reasons for doing so." Light, 119 F.3d at 792. See also Reddick, 157 F.3d at 722.

1        Here, plaintiff's medical records document a condition
2   which might reasonably be expected to cause the symptoms alleged by
3   plaintiff.  However, while plaintiff alleges that he is totally
4   unable to work due to the severity of his symptoms stemming from his
5   back condition, the ALJ made specific and detailed findings in not
6   fully crediting plaintiff's testimony.  For example, the ALJ pointed
7   out that the opinions of Dr. Martin, Dr. Eskander and Dr. Baker
8   indicate that plaintiff is able to engage in work activities.  (Tr.
9   at 167-69, 172-79, 250-57.)   The ALJ reasoned that no physician has
10  rendered an opinion that plaintiff is limited to the extent alleged
11  by plaintiff himself.  In finding plaintiff less than credible, the
12  ALJ accurately noted that plaintiff sees his treating physician once
13  every six months and generally takes Tylenol for his pain.  (Tr. at
14  249, 251.)  See Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir.
15  1995)(considering claimant's conservative treatment as inconsistent
16  with the debilitating condition claimed in upholding denial of
17  benefits); Fair, 885 F.2d at 604 (same).  Finally, the ALJ took
18  special note of Dr. Martin's observation that plaintiff had no
19  obvious difficulty getting on and off the examination table or moving
20  about the room at his examination.  (Tr. at 167.)
21       For these reasons the court finds that the ALJ fairly
22  characterized the record and sufficiently stated specific, clear and
23  convincing reasons for not fully crediting plaintiff's testimony
24  regarding the severity of his symptoms.  See Tidwell v. Apfel, 161
25  F.3d 599, 602 (9th Cir. 1998).  Plaintiff's argument to the contrary
26  is rejected.

Finally, in his motion plaintiff briefly contests the ALJ's treatment of written statements offered by plaintiff's brother-in-law and plaintiff's spouse.  (Tr. at 117-20)  Those statements essentially support plaintiff's testimony regarding the extent of his limitations.  However, in accurately assessing the medical evidence as a whole and noting plaintiff's conservative care, the court finds that the ALJ also provided specific reasons for disregarding those statements even though those reasons are not expressly identified as such in the ALJ's written decision.  See Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001)("In all, the ALJ at least noted arguably germane reasons for dismissing the family members' testimony, even if he did not clearly link his determination to those reasons.").

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment and/or remand is denied;

2.  Defendant's cross-motion for summary judgment is granted; and

3.  The decision of the Commissioner of Social Security is affirmed.

DATED: September 27, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\munoz1475.order

12